NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2454
_____

In re: BRYANT LEE, Debtor

BRYANT LEE and JUANITA GASTON a/k/a JUANITA GASTON LEE,
Appellants

v.

6209 MARKET STREET, LLC; DAN A.M. AHECK; ADNAN ACHEK;
NEEKOO GUMBY, also known as NEEKO GUMBY; JOHN DOE
(person posing as Neekoo Gumby); PAMELA WOOD, NOTARY PUBLIC;
BEY BROWN WOOD PARALEGAL COMMUNITY SERVICES;
ABC [UNKNOWN] CORPORATION/LLC; GOEHRING
RUTTER & BOEHM a/k/a GRB LAW; JEWELL WILLIAMS,
SHERIFF OF PHILADELPHIA COUNTY; and CITY OF PHILADELPHIA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:22-cv-01233)
District Judge:  Honorable Mitchell S. Goldberg
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 14, 2024

Before: BIBAS, PORTER, and MONTGOMERY-REEVES, Circuit Judges

(Opinion filed: May 16, 2024)

OPINION[*]

PER CURIAM

Bryant Lee, with his common-law wife, Juanita Gaston, purchased two properties in Philadelphia in 1998 — 6205 and 6207 Market Street — and never thereafter paid property taxes on them. In a 2009 deed, the property titles were transferred to an individual described on transfer filings as Lee and Gaston's grandson, Neeko Gumby. The City of Philadelphia later sought to recover delinquent property taxes under Pennsylvania's Municipal Claims and Tax Lien Act, 53 P.S. § 7101, et seq. ("MCTLA"). At the culmination of those in rem proceedings, the properties went to sheriff's sale, and an entity known as 6209 Market Street, LLC ("6209 Market") bought them both (albeit at different times, one in 2015 and one in 2017). Around April 2018, Lee and Gaston discovered that someone was working on the properties. Lee filed for Chapter 13 bankruptcy a month later, listing the two properties as real estate that he owned. Then, in March 2020, seeking to recover title to the properties, Lee and Gaston initiated an adversary proceeding in Bankruptcy Court against 10 defendants, including 6209 Market, the City of Philadelphia, and Sheriff Jewell Williams.

The Bankruptcy Court initially dismissed most of the claims in the adversary action, and, after discovery was complete, granted summary judgment to 6209 Market on

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

the remaining claim. Lee and Gaston, represented by counsel, appealed to the District Court, which affirmed the Bankruptcy Court's decisions. Lee filed a pro se notice of appeal on behalf of himself and Gaston to challenge the District Court's ruling, but Gaston has since clarified that she is not participating in this appeal. See 3d Cir. Doc. No. 13.

The District Court had jurisdiction pursuant to 28 U.S.C. § 158(a)(1). We have jurisdiction under 28 U.S.C. §§ 158(d)(1) and 1291. We apply the same standard of review "as that exercised by the District Court over the decision of the Bankruptcy Court[,] . . . review[ing] findings of fact for clear error and exercis[ing] plenary review over questions of law." In re Giacchi, 856 F.3d 244, 247 (3d Cir. 2017). We do not review any issues that Lee does not raise. See M.S. by & through Hall v. Susquehanna Twp. Sch. Dist., 969 F.3d 120, 124 n.2 (3d Cir. 2020) (holding that the appellant forfeited claims by failing to raise them in the opening brief).

In his brief (and a short supplement thereto), Lee makes broad arguments claiming that the District Court overlooked fraud (and a stay) and that he did not get notice about the transfer of the title or the tax sale.[1] As for the claim of fraud, Lee seems to be renewing his arguments that the 2009 transfer of the deed was a fraudulent transfer because the deed was forged and that the fraudulent transfer voided the sheriff's sale of the properties to 6209 Market. He has relied on Harris v. Harris, 239 A.2d 783 (Pa. 1968), as the basis for his arguments, but it is inapplicable to his case. Harris involved

---

[1] He also attaches a document that his lawyer filed in District Court to provide context and further details about his arguments relating to his claims against 6209 Market.

"an execution sale on a judgment procured as a result of a forged signature on a judgment note;" if the parties challenging the sale had not signed the judgment note, there would have been no basis to enter a judgment against them and sell the property. Id. at 784. In Lee's case, after in rem MCTLA proceedings, the Court of Common Pleas authorized sheriff's sales because of unpaid taxes on the properties, regardless of who owned them. Unlike in Harris, the allegedly forgery was not the basis for the sale.

To the extent that Lee is repeating the argument that the sale to 6209 Market should be set aside for lack of notice about it, he conceded in the District Court that he did "not include[] a cause of action to set aside the Tax Sales under the Tax Lien Laws, 53 P.S. §7193.3." See ECF No. 11 at 17. Plus any such challenge would be untimely, as the District Court explained, see ECF No. 17 at 9-10. See 53 Pa. Stat. Ann. § 7193.3.

Furthermore, to the extent Lee's argument about notice and his mention of an overlooked stay implicate his claims against City of Philadelphia and Sheriff Jewell Williams, we do not consider them because he did not develop these issues in his (counseled) brief in the District Court appeal. See In re Trib. Media Co., 902 F.3d 384, 397 (3d Cir. 2018); see also ECF No. 11 at 10-22 (including a statement that the Bankruptcy Court erred by dismissing the claims against the City and Williams but providing no argument about the issue). And because the issues were not developed in the District Court appeal, we also reject any challenge to the District Court's decision to decline to analyze those claims on the merits before affirming the Bankruptcy Court's ruling. See In re Trans World Airlines, Inc., 145 F.3d 124, 132–33 (3d Cir. 1998). For these reasons, we will affirm the District Court's judgment.